UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER J. MACKRILL,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL,<br><br>Respondent. | No. 2:12-cv-3071 WBS CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Before the court is respondent's March 27, 2013 amended motion to dismiss the petition as untimely filed.[1]  (ECF No. 13.)  Petitioner has filed an opposition to the motion.  (ECF No. 14.)  For the reasons set forth below, the court will recommend that respondent's motion be granted.

BACKGROUND

In 1995, after a jury trial in the Sacramento County Superior Court, petitioner was convicted of vehicular manslaughter with gross negligence in violation of California Penal Code section 192(c)(1).  The court also found true allegations that petitioner had two prior serious

---

[1] Respondent alternatively seeks dismissal of petitioner's Claim Two on the ground that it fails to state a cognizable federal claim.

1

felony convictions (specifically, two robbery convictions on the same day in 1979) and had served a separate prior prison term following a 1989 conviction for vehicle theft. Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life. (ECF No. 1 at 1; Lod. Docs. 1-2.[2]) Petitioner appealed the judgment.

On March 27, 1997, the California Court of Appeal, Third Appellate District, issued an opinion in which it affirmed the conviction, but vacated the sentence and remanded the matter to the trial court so that it could consider whether to strike one or both of petitioner's prior felony convictions in the interest of justice, and either resentence petitioner or reinstate its previous sentence. (Lod. Doc. 2.)

On February 9, 1998, the trial court declined to strike either of petitioner's prior felony convictions and re-imposed the previous sentence. (Lod. Doc. 3; see also Lod. Doc. 4, correcting clerical error in February 9, 1998 order). Petitioner filed a second appeal.

On May 13, 1999, the California Court of Appeal, Third Appellate District affirmed the judgment but remanded for the limited purpose of determining the appropriate custody and credits. (Lod. Doc. 5.) Petitioner filed a petition for review in the California Supreme Court (Lod. Doc. 6), which summarily denied review on July 21, 1999. (Lod. Doc. 7.)

The trial court granted two motions for modification: the first on August 17, 1999, and the second on September 22, 1999. (Lod. Doc. 8.) Petitioner did not file a third appeal.

Petitioner filed three pro se state post-conviction collateral challenges with respect to the judgment, all petitions for writs of habeas corpus:

The First Petition

May 12, 2011: Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 9)[3];

---

[2] Lodged Documents refer to documents lodged by respondent on March 27, 2013. (ECF No. 11.)

[3] "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003).

July 5, 2011:  Petition denied as untimely, citing In re Clark, 5 Cal. 4th 750, 797-798 (1993) (Lod. Doc. 10);

The Second Petition

August 2, 2011: Petition for writ of habeas corpus filed in the California court of Appeal, Third Appellate District (Lod. Doc. 11);

August 11, 2011: Petition denied (Lod. Doc. 12);

The Third Petition

September 9, 2011: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 13); and

February 15, 2012:  Petition denied, citing In re Robbins, 18 Cal. 4th 770, 780 (1998) (Lod. Doc. 14).

Petitioner constructively filed the instant federal action on December 18, 2012. (ECF No. 1.)

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

3

>> applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

## ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

After two remands, final judgment in the matter appears to have been entered on September 22, 1999, when the trial court granted the second motion for modification. (Lod. Doc.

8.) Petitioner did not appeal the judgment. The time to seek direct review ended sixty days later on November 21, 1999, when time to file a direct appeal expired. Cal. Rule of Court, Rule 8.308. The one-year limitations period commenced running the following day, November 22, 1999, and concluded one year later. 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a). Thus the last day to file a federal petition was on November 1, 2000, plus any time for tolling.

Because the instant action was commenced more than twelve years later on December 18, 2012, the petition is untimely absent tolling.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed three state post-conviction collateral challenges between May and September 2011, as described above. His petitions to the Sacramento County Superior Court and the California Supreme Court were expressly denied as untimely.[4] (Lod. Docs. 10, 14.) Thus, these state habeas petitions were not "properly filed" so as to toll the running of the limitations period.

In addition, all three state petitions were filed after the one-year statutory limitations period ended on November 1, 2000. The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v.

---

[4] The California Supreme Court's citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) indicates that it found the petition untimely. See Walker v. Martin, 131 S. Ct. 1120, 1128-1129 (2011).

Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's three state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

In his opposition to the motion to dismiss, petitioner argues that "an unauthorized sentence is never time-barred," citing California law. (ECF No. 14.)  As AEDPA's statutory time limits apply to this federal habeas petition, the court concludes that the petition is time-barred. Thus the court need not reach respondent's alternative argument for dismissal of Claim Two.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1.  Respondent's amended motion to dismiss the petition for untimeliness (ECF No. 13) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
mack3071.mtd